# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**RONALD L. COLLOM**                                                           **PETITIONER**

**VERSUS**                                        **CIVIL ACTION NO. 3:12CV718 HTW-LRA**

**STATE OF MISSISSIPPI**                                              **RESPONDENT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Ronald L. Collom filed a petition for writ of habeas corpus relief on October 22, 2012. The State of Mississippi moves to dismiss the petition pursuant to 28 U.S.C. § 2244(d) as untimely under the Antiterrorism and Effective Death Penalty Act of 1996. The Court recommends that the motion be granted for the reasons that follow.

Collom pled guilty to robbery in the Circuit Court of Rankin County, Mississippi. On January 20, 2009, he was sentenced to 15 years imprisonment, with the provision that the first 10 years be served in the custody of the Misississippi Department of Corrections and the remaining 5 years be served on post-release supervision.[1] Collom has never filed a motion for post-conviction relief in state court.[2] Miss. Code Ann. § 99-39-5(2).

---

[1] ECF Nos. 13-1; 13-2.

[2] Miss. Code Ann. § 99-39-5(2) (Miss. 2000) provides in relevant part:

(2) A motion for relief under this article shall be made within three (3) years after the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction.

This case is subject to the provisions of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), including the statute of limitations in 28 U.S.C. § 2244(d). This statute of limitations requires a petitioner to file his federal habeas relief petition within one year from the date his conviction becomes final. The statute of limitations in 28 U.S.C. § 2244(d) reads as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to the cases on collateral review; or,
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2). Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Cantu-Tzin v. Johnson*, 162 F.3d 941, 944 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 847 (1999). AEDPA's statute of

limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal quotations and citations omitted).

Mississippi law prohibits prisoners who plead guilty from filing a direct appeal. Miss. Code. Ann. § 99-35-101.³ Collom's conviction therefore became final on January 20, 2009, the date his sentencing order was entered by the trial court. To toll the statute of limitations, he was required to file a "properly-filed" motion for post-conviction collateral relief in state court on or before January 20, 2010. Because he did not file a motion for post-conviction relief prior to that date, AEDPA's one-year statute of limitations ran uninterrupted from January 20, 2009, to January 20, 2010. His federal habeas petition filed on October 22, 2012 (signed on October 12, 2012) is untimely.

Collom does not dispute that his petition is untimely, but advises that he has a minimal education and was unaware of AEDPA's one-year statute of limitations. Illiteracy, lack of legal training, ignorance of the law, and unfamiliarity with the legal process are all insufficient reasons to equitably toll the statute of limitations. *See, e.g., Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir. 2000) (ignorance of law insufficient to

---

³Miss. Code Ann. § 99-35-101 provides that:

> Any person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a guilty plea and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.

3

toll statute of limitations). Further, Collom does not allege nor does the record show that he was denied access to AEDPA or knowledge of its one-year statute of limitations. *See Neal v. Bradley*, Civil Action No: 2:05CV67-M-B, 2006 WL 2796404 (N.D. Miss. September 25, 2006) (citing the affidavit of the Director of the Inmate Legal Assistance Program provided by Gia McLeod, which avers all inmates are given upon request, a post-conviction packet with information regarding the federal statute of limitations as it relates to state post-conviction and federal habeas deadlines). Records from the Mississippi Department of Corrections Inmate Legal Assistance Program indicate that Collum has used the program's legal services since September 2010.[4] But he did not file the instant petition until October 2012, more than two years after the federal statute of limitations expired.

Collom has failed to show that he exercised reasonable diligence in pursuit of his federal habeas claims, or that some extraordinary circumstance prevented him from filing before the expiration of the one-year statute of limitations. *See Holland*, 130 S.Ct. at 2562. None of AEDPA's other statutory exceptions are applicable. In the absence of any evidence warranting statutory or equitable tolling, Petitioner's habeas petition is time-barred by 28 U.S.C. § 2244(d)(1)(A), and should be dismissed with prejudice. "[E]quity is not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177 (5th

---

[4]ECF No. 13-4.

Cir. 2012)(quoting *Mathis v. Thaler*, 616 F.3d 461,474 (5th Cir. 2010)).[5]

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections to the Report and Recommendation. The objections must be filed with the Clerk of Court, served upon the other parties, and submitted to the assigned District Judge. The objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation, within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636,

---

[5]The undersigned notes further that the Petitioner's underlying claim appears to be without merit. Collom alleges that he is entitled to federal habeas relief because his sentence exceeds the statutory maximum. Miss. Code Ann. § 97-3-75 provides that "[e]very person convicted of robbery shall be punished by imprisonment in the penitentiary for a term not more than fifteen years." Collom's sentence was within the statutory limits.

Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 11th day of April 2013.

                                        /s/ Linda R. Anderson
                              UNITED STATES MAGISTRATE JUDGE